UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

| In Re: | Case No. 10-19137 |
|---|---|
| Northwestern Stone, LLC, | |
| Debtor. | |

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

Northwestern Stone, LLC, by its attorneys, Kepler & Peyton by Timothy J. Peyton, moves the Court pursuant to 11 U.S.C. § 362(c)(2) and F.R.B.P. 4001(b) and 9014 for entry of an Order authorizing the debtor's use of cash collateral and providing adequate protection to secured creditor Evergreen State Bank, and as grounds thereafter, state as follows:

1. The debtor filed a Chapter 11 Bankruptcy Petition on December 5, 2010. The debtor operates quarries and provides aggregate materials to various local construction projects. The debtor has been in this business since 1946. The debtor is currently operating the business as Debtor in Possession.

2. The debtor's operations are conducted primarily at real property owned by the debtor consisting of land and improvements located at 4373 Pleasant View Road, Middleton, Wisconsin.

3. Evergreen State Bank (ESB) is the holder of various mortgages against real property owned by the debtor and security agreements granting liens against various personal property owned by the debtor. It is believed that ESB was owed approximately $9,448,774.80 as of October 14, 2010. The debt owed to ESB is secured with a security interest in personal property of the debtor which includes equipment, inventory and accounts receivable. ESB's

obligation is also secured by the mortgage encumbering four parcels of real estate owned by the debtor.

4. Debtor's accounts receivable generally consist of checks that the debtor receives from customers.

5. The debtor has cash on hand of approximately $18,000 and accounts receivable of approximately $1,700,000.

6. The debtor plans to continue of its business through a Chapter 11 case and to propose a plan of reorganization providing for the continuation of debtor's business.

7. In order to pay necessary operating expenses, the debtor must use cash collateral in which ESB has an interest. Debtor proposed to use cash collateral pursuant to the budget which is attached hereto and incorporated herein as Exhibit A (the "Budget") and to pay such other fees, expenses and obligations approved by the Court after Notice and Hearing. Debtor proposes to meet the Budget subject to reasonable deviation.

8. The Budget reflects the debtor's expected income and expenses.

9. ESB is oversecured in this case. The total claim of ESB is less than $10,000,000. The claim is secured by collateral valued at not less than $21,278,500, real estate and improvements valued at not less than $12,435,000, accounts receivable of approximately $1,700,000, equipment value of approximately $5,493,000, and inventory of approximately $1,650,000.

10. In order to provide adequate protection to ESB for debtor's use of cash collateral, the debtor proposes the following,

    A. The debtor will provide ESB with a replacement lien on all post-Petition accounts receivable pursuant to 11 U.S.C. § 361(2).

B. The debtor will maintain adequate insurance coverage on all personal property and assets, and adequately insure against any potential loss.

C. The debtor will provide ESB with financial reports, including profit & loss statements and balance sheet on a monthly basis. The debtor will provide ESB with a copy of the reports filed with the U.S. Trustee.

D. The debtor will only expend cash collateral pursuant to the Budget subject to reasonable deviation and fluctuation and to pay such other fees, expenses and obligations approved by the Court after Notice and Hearing.

E. The debtor will pay all post-Petition taxes.

F. The debtor will maintain in good condition and repair all collateral in which ESB has an interest.

11. Should the debtor default in any provision of adequate protection, ESB will have the opportunity to obtain further relief from this Court.

12. Due to the nature of the debtor's business, it is critical to the continuation of business to authorize the use of cash collateral. Furthermore, the debtor is not acknowledging that all future revenue should be collateral for ESB. Based on the equities of this case, debtor should be authorized to use the revenue to operate business.

13. Approval of debtor's use of cash collateral in accordance with this Motion and pursuant to the Budget, Exhibit A, is in the best interest of the debtor, creditors and the estate, as it will allow debtor to maintain its ongoing business operations, allow the debtor to generate new and additional accounts receivable, and provide the debtor with an opportunity to propose a meaningful Plan.

WHEREFORE, the debtor moves the Court for an Order authorizing the debtor's use of cash collateral in accordance with this Motion on a monthly basis, authorize the debtor to provide adequate protections of ESB in the form as set forth herein, and for such and further relief as the Court deems just and equitable under the circumstances.

Dated this 16th day of December, 2010.

KEPLER & PEYTON

_____
Timothy J. Peyton
State Bar #1019378
Attorneys for Debtors

634 W. Main Street, Ste. 202
Madison, WI 53703
(608)257-5424

**Northwestern Stone, LLC**
**Operating Budget**

|  | Budget<br>Dec 2010 | Budget<br>Jan 2011 | Budget<br>Feb 2011 | Budget<br>Mar 2011 |
|---|---:|---:|---:|---:|
| **Revenue** | $ 100,000 | $ 100,000 | $ 100,000 | $ 175,000 |
| **Expenses** | | | | |
| Royalties / materials / blasting | - | - | - | - |
| Employee / Owner Compensation | 59,063 | 47,251 | 47,251 | 47,251 * |
| Payroll taxes | 5,434 | 4,347 | 4,347 | 4,347 |
| Subcontractors | - | - | - | - |
| Utilities | 3,000 | 3,000 | 3,000 | 3,000 |
| Telephone | 1,436 | 1,436 | 1,436 | 1,436 |
| Fuel | 35,000 | 35,000 | 35,000 | 40,000 |
| General Insurance | 14,733 | 12,000 | 12,000 | 12,000 |
| Health insurance (company portion) | 4,000 | 4,000 | 4,000 | 4,000 |
| Licenses | 6,000 | 1,000 | - | 8,000 |
| Interest expense | - | - | - | - |
| Lease expense | - | - | - | - |
| Professional fees | - | - | - | - |
| Property taxes | - | - | - | - |
| Other taxes & penalties | - | - | - | - |
| Repairs | 20,000 | 20,000 | 20,000 | 35,000 |
| Office expense & miscellaneous | 1,000 | 1,000 | 1,000 | 1,000 |
| Total Monthly Expenses | 149,666 | 129,034 | 128,034 | 156,034 |
| **Net income (loss)** | $ (49,666) | $ (29,034) | $ (28,034) | $ 18,966 |

*Plus additional part-time help as required to fulfill specific jobs as those jobs arise.

**Northwestern Stone, LLC**
**Employee / Owner Compensation Detail**

| Employee | Title | Weekly Salary |
|---|---|---:|
| Spencer Johnson | Estimator / Supervisor | $ 2,019.23 |
| Mike Bakken | Assistant Manager | 2,807.69 |
| Sharel Bakken | Field Rep / Estimator / Office Manager | 1,473.23 |
| Dale Stapelfeldt | Head Mechanic | 1,826.92 |
| Dick Bakken | General Manager | 3,000.00 |
| Christine Patton | Office Assistant / Dispatcher / Billing Clerk | 685.60 |
| Total Weekly Payroll | | $ 11,812.67 * |

* Plus additional part-time help as required to fulfill specific jobs as their jobs arise.